25CA1636 Kingsford v Northern Lights 07-16-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1636
Weld County District Court No. 22CV30064
Honorable Shannon Lyons, Judge

Ron A. Kingsford,

Attorney-Appellant,

and

Kingsford Law Offices,

Appellant,

v.

Northern Lights Exteriors LLC,

Defendant-Appellee.

ORDER AFFIRMED

Division III
Opinion by JUDGE TAUBMAN*
Freyre and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 16, 2026

Kingsford Law Offices, Christopher Kelly, Greeley, Colorado, for Attorney-Appellant and Appellant

Hall Booth Smith, P.C., Elizabeth C. Moran, Greenwood Village, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Ron A. Kingsford (Kingsford) and Kingsford Law Offices (KLO), who represented plaintiff, Kendall Vonfeldt, in an underlying construction dispute, appeal the order awarding defendant, Northern Lights Exteriors LLC (NLE), its reasonable attorney fees.[1] We affirm.[2]

## I.     Background

¶ 2     This appeal followed a dispute between Vonfeldt and NLE over alleged construction defects stemming from NLE replacing siding on Vonfeldt's home.  Vonfeldt and NLE entered into a contract

---

[1] Vonfeldt filed a separate appeal challenging the merits, but the case was dismissed without prejudice due to her failure to respond to NLE's motion to dismiss.  *Vonfeldt v. N. Lights Exteriors LLC*, (Colo. App. No. 25CA0132, Aug. 25, 2025) (unpublished order).

[2] On the date of filing the notice of appeal, this case was not properly before us because there were pending claims in the district court.  However, after those claims were resolved on January 5, 2026, the appeal is now properly before us.  *See Musick v. Woznicki*, 136 P.3d 244, 246-47 (Colo. 2006) (holding that when a party files a premature notice of appeal, as long as the jurisdictional defect is cured, the appellate court can review the appeal).  NLE filed third-party claims against third-party defendant Speedy Siding Home Improvements, Inc. (Speedy), NLE's subcontractor.  A clerk's entry of default was entered against Speedy on October 18, 2023.  The claims between Vonfeldt and NLE were resolved on December 6, 2024.  Then on October 13, 2025, NLE moved for default judgment and damages against Speedy.  It was not until January 5, 2026, that NLE and Speedy resolved their dispute, and the district court entered an order vacating the damages hearing and dismissing NLE's claims against Speedy.

pursuant to which NLE agreed to install James Hardie siding on Vonfeldt's home and remove the existing exterior cladding. NLE contracted with Speedy to complete the installation. Vonfeldt asserted that she had selected a three-color scheme for the siding, but during the installation process, a two-color scheme was used. She also asserted that during the removal and installation process, NLE damaged her home by removing shingles from her roof, putting holes in her roof, failing to install certain materials, and using incorrectly sized materials. Due to the alleged damage, Vonfeldt did not make the final payment owed to NLE under the contract. Consequently, NLE filed a mechanic's lien against Vonfeldt's property.

¶ 3      In January 2022, Vonfeldt filed a complaint against NLE asserting claims for breach of contract, breach of warranties, excessive amounts of lien, and exemplary damages. NLE then filed claims against Vonfeldt for breach of contract and foreclosure of the mechanic's lien, and the cases were consolidated. In July 2022, Vonfeldt amended her complaint to add claims for negligence, negligence per se, unfair or deceptive trade practices in violation of

the Colorado Consumer Protection Act (CCPA), and invalid mechanic's lien.

¶ 4　On January 18, 2023, Vonfeldt received a payment from her insurer, American Family Insurance Company (AFI), for the damages she had suffered from the siding installation. NLE learned of the payment from AFI and moved to add AFI as an involuntary plaintiff on May 12, 2023. On June 13, 2023, AFI was added as an involuntary plaintiff.

¶ 5　The district court granted summary judgment for NLE on the construction defect claims and dismissed the negligence and negligence per se claims. At trial, the court granted directed verdicts in favor of NLE on the CCPA and breach of warranties claims, and a jury found for NLE on the breach of contract claim and awarded NLE damages on its breach of contract counterclaim.

¶ 6　Afterwards, NLE filed a motion for attorney fees under section 13-17-102(4), C.R.S. 2025. The parties briefed the issue, and the district court held an evidentiary hearing. On April 11, 2025, the court issued a thorough, thoughtful order decisively rejecting Vonfeldt's contentions and granting NLE's motion for attorney fees. NLE then filed a request for an award of reasonable

attorney fees in the amount of $408,422.50. On July 7, 2025, the district court entered a detailed order rejecting some of NLE's submitted time entries, adjusting the time entries to include only those entries for the specific claims awarded, and awarding NLE $241,934.50 in attorney fees against Kingsford and KLO jointly and severally. Kingsford and KLO appeal the July 7 order.

## II.     Attorney Fees

¶ 7      Kingsford asserts that the district court erred when it granted NLE's request for attorney fees for defending Vonfeldt's allegedly groundless and vexatious action and unnecessarily expanding the proceedings by improper conduct. We disagree.

### A.     Standard of Review

¶ 8      "We review a district court's award of attorney fees and costs for an abuse of discretion." *Franklin Credit Mgmt. Corp. v. Galvan*, 2019 COA 107, ¶ 27, 457 P.3d 749, 753. A court abuses its discretion if its ruling is manifestly arbitrary, unreasonable, or unfair, or is based on a misapplication of the law or clearly erroneous assessment of the evidence. *Id.*

## B. Applicable Law

¶ 9 Attorney fees may be awarded based on a district court's finding that an attorney or party "brought or defended an action, or any part of an action, that lacked substantial justification" or that an attorney or party "unnecessarily expanded the proceeding by other improper conduct." § 13-17-102(4).

¶ 10 A claim lacks substantial justification when it is substantially groundless, frivolous, or vexatious. *Front Range Res., LLC v. Colo. Ground Water Comm'n*, 2018 CO 25, ¶ 41, 415 P.3d 807, 815. A claim is groundless when "the allegations in the complaint are not supported by any credible evidence at trial." *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 511 (Colo. App. 2009). A claim is vexatious when it is "brought or maintained in bad faith," including stubbornly litigious conduct. *Id.*

## C. Analysis

¶ 11 The district court held that NLE was entitled to an award of attorney fees for its time spent defending Vonfeldt's CCPA and negligence claims. The court concluded that the CCPA claim "lacked substantial justification, was vexatious, and was groundless" because Vonfeldt presented no evidence of the

significant public impact element required to succeed on a CCPA claim. *See Van Rees v. Unleaded Software, Inc.*, 2016 CO 51, ¶ 3, 373 P.3d 603, 605 (affirming the district court's dismissal of a CCPA claim because the plaintiff "failed to allege a significant public impact"). The court also concluded that Vonfeldt's continued pursuit of the negligence claim was unjustified after she received payment from AFI.

¶ 12 While the district court found that NLE was entitled to its reasonable attorney fees, it concluded that the timeframe for billing would be reduced from what NLE had requested. The court found that the appropriate timeframe for billing related to the CCPA claim was from December 6, 2023, the date the parties and the court knew that Vonfeldt did not have any evidence or witnesses to testify in support of the public impact element. The court also found that the appropriate timeframe for billing related to the negligence claims began on January 18, 2023, the date Vonfeldt received a payment from AFI.

¶ 13 The district court concluded that Kingsford and Christopher Kelly, an associate at KLO, were wholly responsible for continuing to inappropriately prosecute the CCPA and negligence claims after

6

these dates. It found that Vonfeldt "is a widow in relatively poor health who lives alone in the country and lacks legal training." Additionally, the court found that the driving force behind Vonfeldt's original claims were the color scheme and installation defects, and it was Kingsford and Kelly who "failed to competently understand the CCPA claim and failed to competently advise the client." The district court also found that because Kelly had only been licensed for three months at the start of the case, Kingsford was primarily responsible for the case and its outcome, and therefore, Kingsford was 100% liable for NLE's attorney fees.

¶ 14    Kingsford contends that the district court (1) abused its discretion by concluding that Vonfeldt's CCPA claim was substantially groundless and vexatious and (2) erred by concluding that Kingsford and Kelly unnecessarily expanded the proceeding by improper conduct or otherwise maintaining a vexatious action. We address and reject each contention in turn.

¶ 15    First, we conclude that the district court's award of attorney fees on the CCPA claim was not an abuse of discretion because the record supports the conclusion that the claim was substantially groundless and vexatious.

7

¶ 16    Five elements must be met to succeed on a CCPA claim. *Shekarchian v. Maxx Auto Recovery, Inc.*, 2019 COA 60, ¶ 24, 487 P.3d 1026, 1031.  As relevant here, the third element requires the plaintiff to prove that the defendant engaged in a trade practice that "significantly impacts the public as actual or potential" customers. *Id.*  In support of the significant public impact element, Vonfeldt pointed to NLE's website that advertised NLE as an "Elite Certified Installer preferred by James Hardie siding" and that there were "[six] certified James Hardie installation crews [in Colorado] and three of them work[ed] for us."  Vonfeldt argued in the district court that NLE employed subcontractors to complete the siding installation work, and the subcontractors were not themselves Elite Certified Installers preferred by James Hardie.  To support the significant public impact element of Vonfeldt's CCPA claim, Kingsford submitted a list of NLE customers for the prior three years and argued that an uncertified subcontractor was assigned to each of the customer projects.

¶ 17    We agree with the district court that this evidence did not establish the element of actual significant public impact.  We acknowledge that Vonfeldt submitted the list of NLE customers.

8

However, as the district court pointed out, the list alone is not enough because it "does not prove any customer viewed NLE's website . . . or . . . that any customer was induced to purchase based on the contents of the NLE website," and it "does not prove or even tend to prove that any customer was deceived or otherwise impacted by the allegedly deceptive language on the website." Without something more, such as testimony from the NLE customers on the list, how those customers were impacted, complaints against NLE, or other lawsuits against NLE, the list of NLE customers alone was not evidence that proved significant public impact.

¶ 18 We also reject Kingsford's contention that the district court construed the significant public impact element too narrowly and did not consider potential customers in concluding that Vonfeldt did not submit evidence of significant public impact. Even if the district court did not consider potential customers, Vonfeldt never presented any evidence that potential customers were damaged by the representations on NLE's website. For example, she could have presented evidence from consumers who checked NLE's website and based their decisions whether to hire NLE on its claims about

certified installers.  Similarly, she could have presented evidence about potential customers who spoke with NLE employees and received misleading information.

¶ 19    Therefore, based on the foregoing, we conclude that the district court did not abuse its discretion by awarding attorney fees based on its finding that the CCPA claim was substantially groundless and vexatious.

¶ 20    Second, we agree with the district court that Kingsford should not have continued to pursue the negligence claims after Vonfeldt received payment from AFI.  We are not persuaded by Kingsford's assertion that he was unaware that Vonfeldt had received a payment from AFI to cover her damages resulting from the siding installation, and that AFI's payment did not cover all the relief sought by Vonfeldt.  Vonfeldt received her payment on January 18, 2023, and NLE filed its motion to add AFI as a plaintiff on May 12, 2023.  While Kingsford may not have known on January 18 that Vonfeldt had received a payment, he was on notice once NLE filed its motion on May 12.  Once a party receives payment from its insurer, the insurer has a right to subrogation, and the party no longer has any cause of action.  *Ferrellgas, Inc. v. Yeiser*, 247 P.3d

10

1022, 1027 (Colo. 2011) ("[O]nce the subrogated insurer has resolved the claim, either through litigation or settlement, the insured is no longer entitled to recover the reimbursed portion of the loss from the responsible party."). Accordingly, even if she thought she could get more damages, Vonfeldt was not justified in continuing to pursue the negligence claims after she received the payment from AFI. Therefore, we conclude that the district court did not err in awarding attorney fees based on its conclusion that Vonfeldt's continued prosecution of the negligence claims was unjustified.

¶ 21    Kingsford makes two additional contentions: (1) that the district court should not have considered that Vonfeldt did not accept or authorize offers of settlement because that is a client's decision, not counsel's; and (2) that including KLO as jointly and severally liable for NLE's attorney fees violated KLO's due process rights. However, aside from making conclusory statements, neither Kingsford nor KLO advance any argument or legal support for either contention. Accordingly, "[w]e decline to address an undeveloped argument without legal support." *Whiting-Turner Contracting Co. v.*

*Guarantee Co. of N. Am. USA*, 2019 COA 44, ¶ 47, 440 P.3d 1282, 1290.

### III.  Conclusion

¶ 22    We affirm the district court's order.

JUDGE FREYRE and JUDGE KUHN concur.